## STOUT v. PRALL.

Exemplary damages are proper in a case of seduction

This was an action of trespass, for debauching the plaintiff's daughter, and getting her with child, *per quod servitium amisit.*

[80] *Stockton*, for plaintiff.

*Leake*, for defendant.

KINSEY, C. J., said that as to the fact of seduction and

getting with child, it depended on the credibility of the girl; that in the nature of the thing, it was difficult to prove it through any other medium; if they believed her, (and he had heard nothing to render her testimony suspected,) the fact was fully made out.

The next question would be as to damages; and on this point he told the jury, that the pecuniary loss to the parent was not the criterion of damages, but they might give exemplary damages, such as would amply recompense the plaintiff for the cruel and severe injury of disturbing the peace of his family, and destroying his parental prospects. That their discretion, guided by reason and justice, was to form the measure of the plaintiff's compensation.

As to the plea of defendant's poverty, it was no excuse for his wickedness; it never ought to be admitted as a bar to exemplary damages against a man, who has disgraced a family, ruined the hopes of a father, and injured a girl of reputation. If he suffers, he will suffer justly, and to his own wickedness will he be indebted for it. He said it was time to put a stop to these monstrous violations of morality and honor, and he wished it to be known, that the peace of families was not to be. invaded, or innocence betrayed with impunity. In this case he thought the youth of the girl, (not being above seventeen,) and her good reputation, aggravated the conduct of the defendant. The jury gave £100. See the case of *Coryell* v. *Colbaugh, ante.*